IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONNIE RICHARDSON, #142585,    ) | |
| ) | |
| Petitioner,    ) | |
| ) | |
| v.    ) | CASE NO. 2:09-CV-309-TMH |
| ) | [WO] |
| ) | |
| CHERYL PRICE, et al.,    ) | |
| ) | |
| Respondents.    ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ronnie Richardson ["Richardson"], a state inmate, on April 7, 2009.[1] In this petition, Richardson challenges a conviction for violation of the Alabama Community Notification Act ["ACNA"] imposed upon him pursuant to his guilty plea on October 9, 2003 by the Circuit Court of Montgomery County, Alabama.[2] Specifically, the

---

[1] Although the Clerk stamped the petition filed on April 9, 2009, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Richardson certified he submitted the petition for mailing on April 7, 2009. *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 8. In light of the foregoing and for purposes of the proceedings herein, the court considers April 7, 2009 as the date of filing.

[2] On September 12, 2003, the Grand Jury of Montgomery County issued an indictment charging "that ... RONNIE RICHARDSON, whose name is otherwise unknown to the Grand Jury, after previously being convicted of Rape I, did knowingly and/or unlawfully fail to comply with Annual Sex Offender Registration, to-wit: did fail to report for his annual address verification and to provide the Sheriff of the county of his legal residence verification of address ... in violation of Section 15-20-24 of the Code of Alabama...." *Petitioner's Exhibit 1 - Doc. No. 1-2*. Richardson pled guilty to the offense as charged in the indictment.

petitioner argues there is no factual basis to support his plea and he is actually innocent of the offense for which he was convicted. This conviction became final by operation of law on December 19, 2003.

Pursuant to the orders of this court, the respondents filed answers in which they argue the instant federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. 28 U.S.C. § 2244(d)(1).[3] The respondents contend that because Richardson's conviction under the Alabama Community Notification Act became final in 2003 -- after the effective date of the federal statute of limitations -- Richardson must have filed his § 2254 petition within one year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in the state courts. The respondents acknowledge Richardson filed a state post-conviction petition in the Circuit Court of Montgomery County, Alabama on December 5, 2007.[4] However, the respondents argue this state petition did not toll the one-year period of limitation because it was filed after expiration

---

[3] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

[4] The Rule 32 petition establishes that Richardson mailed the petition on December 5, 2007. *Respondents' Exhibit A - Doc. No. 17-1* at 14. As previously noted, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272. "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama and December 5, 2007 is therefore the appropriate date of filing for Richardson's Rule 32 petition.

2

of the federal limitation period and was therefore not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *Respondents' Answer - Doc. No. 17-2* at 6; *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Thus, the record establishes Richardson filed his federal habeas petition over 4 years after expiration of the one-year period of limitation.

Based on the foregoing, the court entered an order advising Richardson he failed to file the present petition within the requisite one-year limitation period set forth in 28 U.S.C. § 2241(d)(1). *Order of July 9, 2009 - Doc. No. 22*. This order also provided Richardson an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. *Id*. at 7. In response to this order, Richardson

concedes he failed to file his petition within the one-year period of limitation but argues he should be allowed to proceed on the merits of his claims because he "is factually and actually innocent...." *Petitioner's Response - Doc. No. 26* at 2.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Richardson failed to file the petition within the applicable one-year period of limitation.

## II.  DISCUSSION

### A.  Actual Innocence - Gateway to Excuse Time Bar

Richardson maintains the court should ignore the untimeliness of his habeas petition because he is actually innocent of the offense to which he pled guilty. Richardson makes varying arguments regarding his actual innocence. Initially, Richardson argues he verified his address at each required yearly interval, including doing so in December of 2002. *Petition for Writ of Habeas Corpus Relief - Doc. No. 1-1* at 5. Despite this attestation, Richardson subsequently states he did not verify his address in December of 2002. *Petitioner's Response - Doc. No. 26* at 13.

The Uniform Incident/Offense Report and supplement to it compiled by law enforcement authorities on May 22, 2003 demonstrate Richardson failed to verify his address in December of 2002 as required by the provisions of § 15-20-24, *Ala. Code*.

4

*Respondents' Exhibit B - Doc. No. 21-2* at 3-6. These reports establish that after this failure officials with the Montgomery County Sheriff's Department made several attempts to contact Richardson at his last verified address, other previous addresses and his place of employment about his failure to verify his address, all of which proved unsuccessful. *Id*. at 4-5. Thus, an indictment issued against Richardson in September of 2003 charging that he "fail[ed] to comply with Annual Sex Offender Registration [in that he] did fail to report for his annual address verification and to provide the Sheriff of the county with his legal residence verification of address and that said address is in compliance with residence restrictions, in violation of Section 15-20-24 of the Code of Alabama...." *Petitioner's Exhibit 1 - Doc. No. 1-2*.

On October 9, 2003, Richardson appeared before the Circuit Court of Montgomery County for entry of a guilty plea to the charged offense. During his plea hearing, the trial court advised Richardson of his rights and "[t]he petitioner ... did acknowledge his rights." *Petition for Writ of Habeas Corpus Relief - Doc. No. 1-1* at 2. Richardson then entered a guilty plea to the charge contained in the indictment. The law is well settled that "[a] plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *North Carolina v. Alford*, 400 U.S. 25, 32 (1970) (Defendant's entry of a guilty plea is an "admission that he committed the crime charged against him."); *United States v. Boche*, 488 U.S. 563, 569 (1989) ("A plea of guilty

5

and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.").

Richardson maintains "he is factually and actually innocent of having failed to make his annual registration ... as alleged in the indicted offense" because, other than his guilty plea, the State presented "no factual basis for the allegations in the indictment and [there] is no evidence in support of his plea." *Petition for Writ of Habeas Corpus Relief - Doc. No. 1-1* at 2. Richardson attests he "did register each year as required [by the applicable statute] and his residence was legally proved and known." *Id.*[5] However, in his response to the respondents' answers, Richardson contradicts this statement. Specifically, Richardson acknowledges he failed to verify his address in December of 2002 and alleges this failure occurred because he did not receive the verification form from the Department of Public Safety. *Petitioner's Response - Doc. No. 26* at 13 (Petitioner "did not report [verification of his address] in Dec. of 2002 because he never received the notification as required by statute...."); *see* § 15-20-24(a), *Ala. Code* (effective September 1, 1999 through October 1, 2005) ("[O]n the anniversary date of an adult sex offenders' birthday occurring more than 90 days after the release, the Department of Public Safety shall mail a non-forwardable verification form to the address of the adult criminal sex offender. The sheriff, or chief of police where applicable, where the adult criminal sex offender resides shall be

---

[5] In a motion for production attached to his Rule 32 petition, Richardson likewise asserts he "registered with the Montgomery County Sheriff's Department as a sex offender on or about December 22, 1997, and registered yearly until December, 2002." *Respondents' Exhibit A - Doc. No. 17-1* at 16.

6

notified of the pending verification and whether the verification form was received by the adult criminal sex offender."). Thus, in his response, Richardson directly controverts the argument set forth in his initial petition that he acted in accordance with the requirements of the statute through December of 2002. Instead, Richardson argues he is actually innocent of failing to verify his address because the State failed to prove each element of the offense, i.e., the evidence failed to show he received a verification form from the Department of Public Safety in December of 2002 and after receipt of this form failed to verify his address with the Sheriff of Montgomery County. *Petitioner's Response - Doc. No. 26* at 9-12. Richardson also argues his "conviction begins and ends with a 6th Amendment violation of the U.S. Constitution, the denial of effective assistance of counsel." *Id*. at 2-3.

This court must determine whether Richardson has presented new evidence establishing his actual innocence before addressing whether the claims for federal habeas relief are barred by the statute of limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006). Thus, "[i]n the usual case the

presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

The arguments on which Richardson bases his actual innocence claims, contradictory as they are, were available to him at the time he entered his guilty plea. Thus, Richardson fails to present new evidence of his actual innocence so as to meet the standard set forth by *Schlup*.[6] In addition, the allegations of innocence presented by Richardson do not establish his actual innocence of the offense; instead, these assertions, at best, merely challenge the sufficiency of the evidence regarding elements of the offense, elements

---

[6]The court further finds that

8

which Richardson admitted by entering a guilty plea. *Broce*, 488 U.S. at 569. The instant petition for federal habeas corpus relief is therefore properly analyzed under the provisions of 28 U.S.C. § 2244(d)(1)(A).

### C. The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs the limitation period for filing a 28 U.S.C. § 2254 petition

begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

On October 9, 2003, Richardson entered a guilty plea before the Circuit Court of Montgomery County, Alabama for failing to verify his address as required by the provisions of § 15-20-24, *Ala. Code*. The court sentenced Richardson on November 7, 2003 to ten years imprisonment for this conviction. Richardson did not file a direct appeal. Since Richardson failed to undertake the direct appeal process in accordance with applicable procedural rules, he could not petition the United States Supreme Court for review of his conviction. By operation of law, the challenged conviction became final on December 19, 2003 -- forty-two (42) days after imposition of the sentence as this is the date on which Richardson's time to seek direct review expired. Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. Although Richardson cites § 2244(d)(1)(D) in his response, he

10

presents no facts or legal argument which supports a start date of the limitation period under this subsection. Moreover, it is clear the factual predicate relevant to each of his claims was known to Richardson at the time he entered his guilty plea. Thus, this provision provides no relief to Richardson. The one-year limitation period contained in § 2244(d)(1) therefore began to run on December 20, 2003.[7]

## B. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." It is undisputed Richardson failed to file any application for post-conviction relief or collateral review in the state courts challenging his conviction prior to expiration of the federal period of limitation. Thus, Richardson is not entitled to statutory tolling of the limitation period. *Webster*, 199 F.3d at 1259 ("A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

## C. Equitable Tolling

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of

---

[7] In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002).

    Richardson presents no arguments relative to equitable tolling. Moreover, a thorough review of the record establishes Richardson has not set forth the existence of any extraordinary circumstance which prevented him from filing a timely federal petition for habeas corpus relief. Additionally, Richardson presents nothing demonstrating he exercised diligence in pursuing his claims for relief in a § 2254 petition. The record is therefore devoid of evidence that Richardson's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd

Cir. 1999). Under the circumstances of this case, this court "cannot say that [Richardson] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Thus, Richardson is not entitled to equitable tolling of the limitation period.

### D. Expiration of the Limitation Period

Based on the foregoing analyses, the court concludes Richardson has failed to present any basis for either statutory or equitable tolling of the one-year federal period of limitation. The limitation period therefore began to run on December 20, 2003 and ran uninterrupted until its expiration on December 20, 2004. Richardson filed the instant petition for federal habeas relief on April 7, 2009, over four years after expiration of the federal limitation period. Richardson has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for writ of habeas corpus filed by Ronnie Richardson on April 7, 2009 be denied as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

2. This case be dismissed with prejudice.

It is further

ORDERED that **on or before April 18, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of April, 2012.

                                        /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE